## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KOREY MOORE, § § *Plaintiff*, § § v. § § FASKEN OIL AND RANCH, LTD., § LIGHTNING OILFIELD SERVICES, INC., § HELMERICH & PAYNE, INC. and § COSME TIJERINA § § *Defendants*. § | CIVIL ACTION NO. 4:23-cv-1366 |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 15(a)(2), *and subject to and without waiving his pending Motion to Remand*, Plaintiff, Korey Moore, hereby files this Motion for Leave to File First Amended Complaint[1], and in support thereof, would respectfully show this Court as follows:

## I.
## BACKGROUND

1. This case arises from injuries Plaintiff Korey Moore ("Plaintiff") suffered on December 20, 2021, at a Texas wellsite when he was struck by a cable that broke loose as a derrick was being lowered.

2. On April 11, 2023, Plaintiff filed suit in state court, in Harris County, Texas, against Defendants: (1) Fasken Oil and Ranch, Ltd. ("Fasken"); (2) Lightning Oilfield Services, Inc. ("Lightning"); (3) Helmerich & Payne, Inc., ("H&P Inc."); and (4) Cosme Tijerina ("Tijerina")

---

[1] A copy of Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit A.

(collectively hereafter, the "Defendants"). One day later, before any Defendant could possibly be served, Defendant Fasken, a Texas corporation with its principal place of business in Texas, filed a Notice of Removal citing diversity jurisdiction as the basis. Plaintiff has filed a motion to remand that is pending.

3. On June 9, 2023, H&P Inc., filed a Motion to Dismiss under Rule 12(b)(2) asserting the H&P Inc. was not Plaintiff's employer, that H&P Inc. is a "holding company that performs limited administrative and corporate governance functions," and that H&P Inc "does not have contacts with Texas related to the allegations in Plaintiff's Complaint."[2] H&P acknowledges in its motion that "H&P Inc. has several subsidiaries that are primarily engaged in drilling oil and gas wells for third-party operators and owners and/or lessors of oil and gas leases." *Id.* And that "[t]hese independent and separate subsidiaries operate worldwide, including in Texas." *Id.*

3. Plaintiff brought its claims against H&P Inc. in part because Defendant Fasken identified H&P Inc. as a potential Responsible Third Party in the previously pending litigation. Based upon the representations made to this Honorable Court by H&P Inc., Plaintiff has nonsuited H&P, Inc. from this litigation.

4. As such, Plaintiff seeks leave of Court to amend his pleadings in the attached First Amended Complaint to include his claims against the proper H&P party, Helmerich & Payne International Drilling Co., the H&P Inc subsidiary believed to have been involved in drilling project giving rise to Plaintiff's injuries. See attached **Exhibit A**, Plaintiff's First Amended Complaint.

## II.
## ARGUMENT

---

[2] See, H&P's Motion to Dismiss Under Rule 12(b)(2), filed June 9, 2023 [Dkt. 13].

5.  The Federal Rules of Civil Procedure permit parties to liberally amend and supplement their pleadings. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be "freely given when justice so requires." This language "evinces a bias in favor of granting leave to amend." Absent a "substantial reason," a court should not exercise its discretion to deny the party leave to amend. Rather, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."

6.  Moreover, Plaintiff's First Amended Complaint would not prejudice Defendants and is made in good faith. Whether an amendment is prejudicial is often determined by "the nature of the amendment and its timing." Plaintiff's proposed amendments serve to clarify his factual and legal allegations and to include an additional responsible party. Plaintiff's amendments are clarifying in nature and are being offered during this litigation's infancy. Thus, allowing Plaintiff to amend would not in any way prejudice the preparation of Defendants' case.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this Motion for Leave to file the attached First Amended Complaint, and Order same to be filed among the papers of this cause, and for any such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
    MUHAMMAD S. AZIZ
    State Bar No. 24043538
    Federal ID No. 868540

3

        800 Commerce Street
        Houston, Texas 77002
        (713) 222-7211
        (713) 225-0827 – Facsimile
        maziz@awtxlaw.com

**ATTORNEY-IN-CHARGE**

**ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER**

By: */s/ Edward P. Keenan*
EDWARD P. KEENAN
State Bar No. 24075504
Federal ID No. 1138743
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 – Facsimile
ekeenan@awtxlaw.com

**OF COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

On June 23, 2020, I emailed, counsel for Defendant Fasken, Defendant Lightning and Defendant Tijerina regarding this motion. As of this filing only counsel for Defendant Fasken has responded that they are opposed to the relief sought.

*/s/ Edward P. Keenan*
Edward P. Keenan


## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the applicable Federal Rules of Civil Procedure on June 27, 2023.

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ