UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| KOREY MOORE § | |
| § | |
| vs. § | |
| § | |
| FASKEN OIL AND RANCH, LTD., § | Civil No. |
| LIGHTNING OILFIELD SERVICES, INC., § | MO:23-CV-00201-DC-RCG |
| HELMERICH & PAYNE, INC. § | |
| COSME TIJERINA § | |

**DEFENDANTS LIGHTNING OILFIELD SERVICES, INC., FASKEN OIL AND RANCH, LTD., AND COSME TIJERINA'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY**

COMES NOW, Defendants Lightning Oilfield Services, Inc. (hereinafter "Lightning"), Fasken Oil and Ranch, Ltd. (hereinafter "Fasken"), and Cosme Tijerina ("Tijerina") (collectively referred to as "Defendants"), in the above-styled and numbered cause, to request leave of court, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §33.004, to designate Helmerich & Payne Management, LLC and Helmerich & Payne International Drilling Co. (collectively referred to as, "H&P") as a responsible third party, and in support, shows the Court the following:

## I. REQUEST FOR RELIEF

Pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code, Defendants seek to leave to designate H&P, Plaintiff's employer(s) at the time of the incident made the basis of this lawsuit, as a responsible third party for the purpose of determining Defendants' percentage of responsibility in this lawsuit.

## II. NATURE OF PROCEEDING

On or about April 11, 2023, Plaintiff Korey Moore (hereinafter "Plaintiff") filed his Original Petition in federal court against Fasken, Lightning, and others, seeking damages for personal injuries that he suffered while working for his employer, H&P, as a rig floor hand at a wellsite outside of Midland, Texas.

Plaintiff alleges that while lowering the derrick to move the rig, a cable broke loose and struck Plaintiff across his upper back and right side of his body, including his right arm and hand. Plaintiff alleges that Fasken, Lightning, and Tijerina are responsible for Plaintiff's injuries and damages because the named Defendants had, a duty to exercise ordinary care and breached that duty; and because Lightning and the other Defendants had actual, subjective awareness of an extreme degree of risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff with an intentional state of mind.

On April 11, 2023, Plaintiff originally filed this lawsuit in the District Court of Harris County, Cause No. 2023-22858. Plaintiff has asserted claims of negligence and gross negligence against the named Defendants. Furthermore, Plaintiff seeks to recover, among other things, past and future damages for physical pain and suffering, mental anguish, disfigurement, impairment, past and future medical expenses, loss of wages, and loss of earning capacity. Plaintiff further seeks to recover punitive damages. On April 12, 2023, Fasken timely removed this lawsuit from Harris County District Court, to the Federal District Court in the Southern District of Texas, Houston Division, based on complete diversity of citizenship among the parties. Moreover, on June 13, 2023, Fasken filed its Motion to Transfer Venue to the Western District of Texas, which was recently granted and this matter is current before this Court.

### III. CHAPTER 33 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE IS A SUBSTANTIVE STATE POLICY AND SHOULD BE APPLIED

A federal court applies state substantive and federal procedural law when adjudicating a diversity claim.[1] Although technically a state procedural rule, "[t]he Texas proportionate responsibility statutes reflect a substantive state policy, and they do not conflict with FED. R. CIV.

---

[1] *Harris Const. Co., LTD. V. GGP-Bridgeland, LP*, No. H-07-3468, 2009 WL 2486030 *1 n. 1 (S.D. Tex. Aug. 10, 2009) (citing *Becker v. Wabash Nat'l Corp.*, No. C-07-115, 2007 WL 2220961, at *2 (S.D. Tex. July 31, 2007); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991).

P. 14, the closest federal procedural counterpart."[2] Because a responsible third party is only designated under these statutes, not joined, there is no assertion of a third party claim involved, nor joinder of any party as a third-party defendant, and FED. R. CIV. P. 14 therefore, does not apply.[3] For these reasons, this Motion for Leave, although based in Texas law, is appropriate in this case.

## IV. DESIGNATION OF RESPONSIBLE THIRD PARTY

Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, the trier of fact shall determine the percentage of responsibility for causing or contributing to cause the harm for which recovery is sought for the following individuals or entities: (1) each claimant; (2) each defendant; (3) each settling person; and (4) each responsible third party designated under Section 33.004.[4] Chapter 33 entitles a defending party to seek to designate a person or entity as a responsible third party.[5] A responsible third party is a person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, or by other conduct or activity that violates an applicable legal standard.[6]

A defendant may designate a responsible third party even though the third party has defenses to liability, cannot be joined as a third-party defendant, and is not liable to the parties who are involved in the suit.[7] There can be no doubt that the statute permits an employer who cannot

---

[2] *Id.*; *Bueno v. Cott Beverages, Inc.*, No. SA04CA24XR, 2005 WL 647026, at *2-3 (W.D. Tex. Feb. 8, 2005).

[3] *Lexington Ins. Co. v. N. Am. Interpipe, Inc.*, No. H-08-3589, 2011 WL 178654 *2 n. 12 (S.D. Tex. Jan. 19, 2011).

[4] TEX. CIV. PRAC. & REM. CODE §33.003(a).

[5] *Id.* at §33.004.

[6] *Id.* at §33.011(6).

[7] *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 868-69 (Tex. 2009).

be sued by an injured employee (due to the worker's compensation bar) to be designated and submitted to the jury as a responsible third party.[8]

A court shall grant leave if the defendant pleads sufficient facts about the responsible third party's alleged responsibility to satisfy the pleading requirements of the Texas Rules of Civil Procedure. *Id.* at § 33.004(g). A pleading is sufficient when an opposing party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy. *See In re Bustamante,* 510 S.W.3d 732, 737 (Tex. App.—San Antonio 2016, no pet.) (citing *Low v. Henry,* 221 S.W.3d 609, 612 (Tex. 2007)).

A motion for leave to designate a person as a responsible third-party must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to filed at a later date.[9] Accordingly, this Motion for Leave is timely. A court shall grant leave to designate the named person as a responsible third party unless another party files and objection for leave on or before the 15th day after the date the motion is served.[10]

Without agreeing that any party is legally at fault in connection with the incident made the basis of this suit, Plaintiff's claims and factual assertions require that H&P, Plaintiff's employer, be designated as a responsible third party as a matter of justice. H&P's potential responsibility, if any, for the incident or Plaintiff's injuries must be assessed at the same time as is the responsibility, if any, of Defendants as explained below.

---

[8] *See* David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 885 (2005); *see also In re Lewis Casing Crews, Inc.*, 11-14-00137-CV, 2014 WL 3398170, at *5 (Tex. App. —Eastland July 10, 2014, orig. proceeding) (granting mandamus relief and holding that trial court abused its discretion in denying defendant's motion to designate personal injury plaintiff's employer as responsible third party).
[9] *Id.*

[10] *Id.* at §33,004(f).

## V. H&P IS A RESPONSIBLE THIRD PARTY

H&P qualifies as a responsible third party as that term is defined in Section 33. By definition, a "responsible third party" means "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damage is sought."[11] H&P was Plaintiff's employer at the time of the incident made the basis of this lawsuit. Plaintiff was acting in the course and scope of his employment when he allegedly sustained personal injuries made the basis of this lawsuit.

Based on Plaintiff's allegations and claims, if Plaintiff prevails on any of his claims of negligence against Defendants, then the jury must be permitted to consider whether H&P, through its agents and employees, caused or contributed to cause, the incident and the injuries by acts or omissions amounting to negligence— including without limitation the following, which are directly taken from the negligence claims Plaintiff asserts against Defendants:[12]

    a. Failing to properly supervise the wellsite;

    b. Failing to provide adequate training;

    c. Failing to provide a safe workplace;

    d. Failing to warn of a dangerous condition; and

    e. Failure to properly oversee safety in the work area;

    f. Failing to properly inspect, maintain, repair, and service equipment at the wellsite;

---

[11] TEX. CIV. PRAC. & REM. CODE §33.011(6); (An employer carrying workers' compensation insurance may be designated as a responsible third party. *See e.g., In re Unitec Elevator Services Co.*, 178 S.W.3d 53, 58 n. 5 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (following 2003 amendments to statute, "a claimant's employer that is a subscriber to the workers' compensation system is not precluded from being designated as a responsible third party."); *Bueno*, 2005 WL 647026, at 2 (W.D. Tex. Feb. 8, 2005) (granting motion for leave to designate welder's employer as responsible third party)); *Perkins v. Electric 80, Inc. and Electric 80, S.P.A.*, Cause No. 3:17-cv-03284 (N.D. Tex. Jan. 22, 2020).

[12] *See* Pltf.'s 1st Am. Pet. ¶¶ 14, 18.

 g. Failing to properly monitor the movement of the rig, including lowering the derrick and securing cables;

 h. Failing to properly move the rig, including lowering the derrick and securing cables;

 i. Failing to provide adequate training regarding movement of the rig, including lowering the derrick and securing cables; and

 j. Failing ot warn of a dangerous condition regarding the movement of the rig, including lowering the derrick and securing cables.

In short, H&P is inextricably involved with the operative facts underlying Plaintiff's allegations. The fact finder's allocation of percentages of responsibility, if any, for damages would be incomplete without designation of H&P. Specifically, H&P, as Plaintiff's employer, controlled the subject rig and directed the work in question, and owed Plaintiff a duty of care which H&P breached, proximately causing Plaintiff's alleged injuries. For the foregoing reasons, but without ascribing merit to Plaintiff's claims, Defendants request that H&P be designated as a responsible third party under Section 33.004 of the Civil Practice & Remedies Code.

## VI. CONCLUSION AND PRAYER

Defendants, Lightning Oilfield Services, Inc. and Fasken Oil and Ranch, Ltd., timely move for leave to designate Helmerich & Payne Management, LLC and Helmerich & Payne International Drilling Co. as a responsible third party for the purpose of apportioning their responsibility in this lawsuit. By granting this motion, Helmerich & Payne Management, LLC and Helmerich & Payne International Drilling Co. shall be designated as a responsible third party without further action by the Court.[13]

---

[13] TEX. CIV. PRAC. & REM CODE §33.004(h).

WHEREFORE, PREMISES CONSIDERED, Defendants, Lightning Oilfield Services, Inc., Fasken Oil and Ranch, Ltd., and Cosme Tijerina request the Court to grant them leave to designate Helmerich & Payne Management, LLC and Helmerich & Payne International Drilling Co. as a responsible third party and award any further relief to which they may be entitled.

Respectfully submitted,

**BYRNE, CARDENAS & ARIS, LLP**

/s/ *Joseph E. Byrne*
**JOSEPH E. BYRNE**
State Bar No. 00787178
jbyrne@bcallp.net
**JOHN K. DUNLAP**
State Bar No. 06235300
jdunlap@bcallp.net
5468 La Sierra Drive
Dallas, Texas 75231
(972) 371-5250
(972) 371-5270 (Facsimile)

**ATTORNEYS FOR DEFENDANT LIGHTNING OILFIELD SERVICES, INC.**

**And**

By: */s/ Michael Shane O'Dell*
Michael Shane O'Dell
State Bar No. 24065835
sodell@namanhowell.com
1300 Summit Ave., Suite 700
Fort Worth, Texas 76102
Tel: (817) 509-2044
Fax: (817) 509-2060

**ATTORNEY-IN-CHARGE FOR FASKEN OIL AND RANCH LTD.**

OF COUNSEL:
David B. Dowell
State Bar No.: 0677950
bdowell@namanhowell.com
Cash H. Barker
State Bar No. 24116073
cbarker@namanhowell.com
**NAMAN, HOWELL, SMITH & LEE, PLLC**
1300 Summit Ave., Suite 700
Fort Worth, Texas 76102
Tel: (817) 509-2025
Fax: (817) 509-2060

                                              **KENNEDYS CMK, LLP**

                                              CALLIE MURPHY
                                              State Bar No. 24041546
                                              callie.murphy@kennedyslaw.com
                                              848 Heights Boulevard
                                              Houston, Texas 77007
                                              T: 832.753.8062
                                              F: 832.753.8079
                                              **ATTORNEY-IN-CHARGE FOR**
                                              **COSME TIJERINA**

**OF COUNSEL:**
**KENNEDYS CMK, LLP**
CANDACE OURSO
State Bar No. 24008952
candace.ourso@kennedyslaw.com
AMANDA FARLEY
State Bar No. 24059733
amanda.farley@kennedyslaw.com
848 Heights Boulevard
Houston, Texas 77007
T: 832.753.8061
F: 832.753.8079

## **CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing instrument was emailed to all counsel of record pursuant to the Federal Rules of Civil Procedure on February 21, 2024.

/s/ *Michael Shane O'Dell*
MICHAEL SHANE O'DELL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| KOREY MOORE | § § § § | |
| vs. | § § | |
| FASKEN OIL AND RANCH, LTD., LIGHTNING OILFIELD SERVICES, INC., HELMERICH & PAYNE, INC. COSME TIJERINA | § § § § § | Civil No. MO:23-CV-00201-DC-RCG |

## ORDER ON DEFENDANTS LIGHTNING OILFIELD SERVICES, INC., FASKEN OIL & RANCH, LTD., AND COSME TIJERINA'S JOINT MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY

ON THE _____ day of _____, 2024, came on to be considered the Joint Motion for Leave to Designate Responsible Third Party by Defendants, Lightning Oilfield Services, Inc., Fasken Oil and Ranch, Ltd., and Cosme Tijerina (collectively, the "Defendants"). After considering said Motion and the pleadings on file, the Court is of the opinion that such Motion should be GRANTED. Accordingly,

IT IS ORDERED, ADJUDGED AND DECREED that Helmerich & Payne Management, LLC and Helmerich & Payne International Drilling Co. are hereby designated as responsible third parties.

It is so ORDERED.

_____          _____
Date                                                                 The Honorable Judge David Counts
                                                                            United States District Judge